J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF CATHERINE M. NASSER, | : | |
| | : | |
| Appellant | : | No. 532 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2278

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF WILLIAM K. NASSER, SR., | : | |
| | : | |
| Appellant | : | No. 533 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2279

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

| | | |
|---|---|---|
| JOSEPH G. NASSER, | : | |
| | : | |
| Appellant | : | No. 534 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2282

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM K. NASSER, JR., | : | |
| | : | |
| Appellant | : | No. 535 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2284

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NASSER ACCOUNTING SERVICE, | : | |
| | : | |
| Appellant | : | No. 536 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2302

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

|  |  |  |
|---|---|---|
|  | : | PENNSYLVANIA |
| Appellee | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| J.B. REAL ESTATE DEVELOPMENT GROUP, | : |  |
|  | : |  |
| Appellant | : | No. 538 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2017-CV-2280

|  |  |  |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
| Appellee | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| ROSEBRIER, INC., | : |  |
|  | : |  |
| Appellant | : | No. 539 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2017-CV-2281

|  |  |  |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
| Appellee | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| MADISON & VINE ASSOCIATES, LLC, | : |  |
|  | : |  |

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

|  |  |  |
|---|---|---|
| Appellant | : | No. 540 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2285

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| 523 LINDEN STREET COMPANY (A | : | |
| PENNSYLVANIA PARTNERSHIP), | : | |
| | : | |
| Appellant | : | No. 541 MDA 2018 |

Appeal from the Order Entered February 27, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-2301

BEFORE: SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 28, 2018**

The Estate of Catherine M. Nasser, The Estate of William K. Nasser, Sr.,

Joseph G. Nasser, William K. Nasser, Jr., Nasser Accounting Service, J.B. Real

Estate Development Group,[1] Rosebrier, Inc., Madison & Vine Associates, LLC,

---

* Retired Senior Judge assigned to the Superior Court.

[1] William K. Nasser, Jr., and Joseph G. Nasser are the general partners of this entity.

- 4 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

and 523 Linden Street Company (a Pennsylvania Partnership)[2] (collectively, Appellants) appeal from the orders entered February 27, 2018, which denied Appellants' petitions to open/strike confessed judgments filed by Landmark Community Bank (Landmark). We affirm.

We provide the following background. On April 11, 2017, Landmark filed complaints in confession of judgment against Appellants.[3] From those complaints, we discern the following facts. On January 3, 2001, Catherine M. Nasser died testate; and on September 18, 2002, two of her sons, Joseph G. Nasser and John C. Nasser (Co-Executors), were appointed as co-executors of her estate (Catherine's Estate). Complaint (2017 CV 2278), 4/11/2017, at ¶ 2. On June 25, 2002, William K. Nasser, Sr., died testate, and in August of 2002, Co-Executors were appointed as co-executors of his estate (William Sr.'s Estate). Complaint (2017 CV 2279), 4/11/2017, at ¶ 2.

_____

[2] William K. Nasser, Jr., and Joseph G. Nasser are the general partners of this entity.

[3] Landmark filed nine separate complaints, each against one Appellant. Additionally, Landmark filed a tenth complaint against John C. Nasser. John C. Nasser is not involved in these appeals.

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

During administration of Catherine's Estate, "it was determined that [the] Estate needed to borrow funds for administration of [the] Estate, and on behalf of the Estate [] Co-Executors obtained a series of loans from" Landmark. Complaint (2017 CV 2278), 4/11/2017, at ¶ 3 (capitalization altered). On January 9, 2004, Landmark lent Catherine's Estate $725,000.[4] On January 14, 2005, Landmark lent another $750,000 to Catherine's Estate.[5] On May 30, 2006, Landmark lent $740,000 to J.B. Real Estate Development Group.[6] On August 4, 2006, Landmark lent $535,000 to Madison & Vine. On December 12, 2007, Landmark lent $500,000 to William's Estate, William K. Nasser, Jr., Joseph G. Nasser, and John Nasser, jointly and severally (2007

_____

[4] According to Landmark, this loan was unconditionally guaranteed by J.B. Real Estate Development Group, Rosebrier, and Madison & Vine.

[5] This loan was unconditionally guaranteed by J.B. Real Estate Development Group, Rosebrier, and Madison & Vine.

[6] This loan was unconditionally guaranteed by Nasser Accounting Service, Rosebrier, and 523 Linden Street Company.

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

Loan).[7]  Finally, on August 8, 2008, Landmark lent $500,000 to Catherine's Estate and William's Estate, jointly and severally (2008 Loan).[8]

According to Landmark's complaints, all of the loans are in default, with principal and interest having not been paid for the prior 12 months (March 2016 to February 2017).  In addition, despite the fact that the loan documents require that real property taxes on certain properties related to these loans be current, Landmark averred that "[Catherine's] Estate has failed to keep such real property taxes paid and current." *Id*. at ¶ 6.  Accordingly, pursuant to the terms of the loan documents, on April 11, 2017, Landmark confessed judgment against each entity for the various amounts owed based upon the loans acquired or guaranteed by each entity.[9]  In all, Landmark claims Appellants owe over $3 million as of January 13, 2017, and entered judgments accordingly at separate docket numbers for each entity.

---

[7] This loan was unconditionally guaranteed by J.B. Real Estate Development Group, Rosebrier, and Madison & Vine.

[8] This loan was unconditionally guaranteed by J.B. Real Estate Development Group, Rosebrier, and Madison & Vine.

[9] All parties agree that the confessed judgments at each docket number are the same in all material respects.

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

On May 12, 2017, Appellants filed petitions to strike or open the confessed judgments, and on May 31, 2017, Landmark filed responses to the petitions.[10] A hearing was held on the petitions on October 12, 2017.[11] That hearing consisted only of oral argument by the attorneys. According to Landmark, as pleaded in the complaints, monthly payments were not made on these loans and taxes were never paid for certain years. N.T., 10/12/2017, at 31. According to Appellants, taxes were paid for 2016 and 2017. *Id*. However, Appellants conceded that payments were made only through March of 2016, and then counsel represented to the court the following.

> Mr. Nass[e]r[12] had contacted [Landmark] on multiple occasions and requested that the loan be switched from monthly payments to quarterly payments. He initially received no response.

---

[10] Again the filings for each docket number are the same in all material respects.

[11] This hearing encompassed three separate issues. It began with argument by counsel for John C. Nasser, wherein he argued that John Nasser's name was forged on the loan documents. *See* N.T., 10/12/2017, at 3-28. It is not clear from the record what happened to this claim; however, John C. Nasser is not part of these appeals. A portion of the hearing concerned a mortgage foreclosure issue that was appealed at docket number 531 MDA 2018. *Id*. at 39-43. The rest of this hearing concerned the loans at issue in these appeals. The parties agreed that the argument was the same for these nine cases. *Id*. at 15.

[12] It is not clear to which Mr. Nasser counsel is referring.

- 8 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

> Ultimately [Landmark] acquiesced in allowing him to make the payments and the payments were being made up until March of 2016.
>
> In [] March of 2016 or thereabouts Mr. Nass[e]r contacted [Landmark] and indicated that he wished to move the quarterly payments that were being made one month further. So instead of making the March, April, May payments in June he wanted to move that to July, something to that effect, and he'll testify to the dates. [Landmark], rather than responding, confessed judgment on all of the loans.
>
> We had attempted to cure July and August [] in September. Mr. Nass[e]r had deposited $100,000 into our escrow account. That was offered to [Landmark] to bring the loans current, and then to move forward with quarterly payments from that point forward. We have evidence from a letter from [counsel for Landmark] indicating that [Landmark] was unwilling to accept that cure of any alleged default.

*Id*. at 32-33.

Appellants further argued that Landmark had in its possession shares of stock for NBT Bank Corporation owned by "various Nass[e]r children," which it liquidated in order to pay off portions of these loans. *Id*. at 33. However, according to Appellants, even though the stock was sold, there was no reduction in the loan balance. *Id*. at 34. Appellants argue that this raises "an issue as to whether the confessed judgment amounts are correct, and an issue [as to Landmark's] failure to properly assess and account for [its] damages," which amounts to a meritorious defense. *Id*. at 35. Appellants further claimed

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

that when these loans were cross-collateralized in September of 2012, "there was no consideration given for that cross-collateralization." *Id*. Finally, Appellants questioned the existence of the 2007 Loan. *Id*. at 37. They argued that the 2008 Loan was used to pay off the 2007 Loan. *Id*. at 38.

At the close of the hearing, the trial court ordered the parties to file briefs, and all parties complied.[13] On February 27, 2018, the trial court entered a memorandum and order denying Appellants' petitions to open or strike the confessed judgments, and Appellants timely filed a notice of appeal challenging these orders.[14]

We begin with an overview of the law and procedure surrounding a confession of judgment proceeding.

> Rules 2950 to 2967 of the Pennsylvania Rules of Civil Procedure govern confessions of judgment for money. *See generally* Pa.R.C.P. 2950–2967. A confession of judgment

---

[13] Appellants' brief is only in the certified record at appeal number 536 MDA 2018. With respect to Landmark's brief, a copy of it can be found in the reproduced record, but it is not included in the certified record on appeal. However, where a document is included in the reproduced record, and the parties do not dispute its accuracy, we may consider it. *See Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

[14] The trial court did not order Appellants to file a concise statement of errors complained of on appeal, and directs this Court to consider its February 27, 2018 memorandum pursuant to Pa.R.A.P. 1925(a).

- 10 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

"action" under these rules is distinctly defined as "a proceeding to enter a judgment by confession for money pursuant to an instrument ... authorizing such confession." Pa.R.C.P. 2950…. A confession of judgment clause permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor ... to respond at that juncture. Because the creditor is entitled to file the complaint and enter judgment against the debtor without any appearance or response from the debtor, Pennsylvania's initial procedure for confessing judgments lacks the hallmarks of an adversary proceeding until the debtor files a petition to strike off or open the judgment. Nevertheless, [t]he record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict.

\*\*\*

Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition in compliance with Rule 2959. **See** Pa.R.C.P. 2959. The debtor must raise all grounds for relief (to strike off or open) in a single petition, which can be filed in the county where the judgment was originally entered or in any county where the judgment has been transferred. **Id**. A party waives all defenses and objections which are not included in the petition or answer. **See** Pa.R.C.P. 2959(c).

**Neducsin v. Caplan**, 121 A.3d 498, 505-506 (Pa. Super. 2015) (some

citations and quotation marks omitted).

We review the trial court's denial of Appellants' petitions to open or

strike the confessed judgments as follows.

[W]e review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion.

- 11 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations omitted). The trial court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury. Generally, the court will dispose of the rule on petition and answer, along with other discovery and admissions. Pa.R.C.P. 2959(e).

***Neducsin***, 121 A.3d at 506 (some citations and quotation marks omitted).

Instantly, the trial court concluded that these judgments should not be

opened[15] because Appellants

> fail[ed] to advance any supporting evidence as is required to open a judgment.  Namely, nothing averred by [Appellants], presuming the averments as true as we must, would upset the respective judgments by confession.  Bottom line, [Landmark's] [c]omplaints each properly allege that the subject loans are currently in material default in that monthly payments of principal and interest on each of the loans have not been made and property taxes have not been paid, the payments of which are required under the operative loan documents.  [Appellants] have not presented sufficient evidence to create an issue for a jury potentially to find against [Landmark] under these circumstances.

_____

[15] The trial court also concluded the judgments should not be stricken.  Trial Court Memorandum, 2/27/2018, at 4.  However, on appeal, Appellants only challenge the trial court's decision not to open the judgments.

- 12 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

Trial Court Memorandum, 2/27/2018, at 4-5.

On appeal, Appellants claim the trial court was incorrect in denying the petitions to open because "Appellants were not allowed to submit evidence in support of their [p]etitions, and the trial court did not properly assess the [e]xhibits submitted." Appellants' Brief at 9. Appellants assert that their petitions to open, in conjunction with their exhibits, set forth their meritorious defenses with sufficient specificity, and the trial court should have permitted them to present evidence in support at the hearing.

Our review of the record reveals that there was confusion at the hearing regarding whether evidence and testimony were proper at that juncture.[16] After the filing of the petitions to open or strike the confessed judgments, consistent with Pa.R.C.P. 2959(b),[17] the trial court issued a rule to show

---

[16] Appellants specifically requested that the trial court take testimony. N.T., 10/12/2017, at 30. The trial court did not permit testimony, as there was disagreement about whether that testimony was permissible, but at the close of the argument, the trial court permitted both sides to submit argument on the propriety of submitting evidence at a hearing on a petition to open a confessed judgment. N.T., 10/12/2017, at 52.

[17] "If the petition states *prima facie* grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule." Pa.R.C.P. 2959(b).

- 13 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

cause. Landmark timely filed answers denying the averments set forth in the petitions. The rule to show cause did not provide that the parties could take discovery, and the record does not reveal that Appellants sought discovery. The record shows only that the parties agreed to two postponements of the hearing.

At a hearing on a rule to show cause, the trial court "shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence…. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." Pa.R.C.P. 2959(e). Thus, it was incumbent upon Appellants to engage in discovery prior to the hearing and set forth evidence in support of their petitions. The record shows that they did not do so.

As the hearing progressed, and Appellants began asserting their various defenses, the trial court specifically asked Appellants where in their petitions they set forth those defenses. N.T., 10/12/2017, at 35. Counsel for Appellants pointed to the paragraph of their petitions where they stated that Landmark "failed to state with sufficient particularity an[] averment of the alleged defaults, the dates for the occurrence as well as the correct amount due." *Id*. (citing Petition to Strike or Open Confessed Judgment (2017 CV 2278),

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

5/12/2017, at ¶ 2). Counsel for Appellants then discussed cross-collateralization, proof of tax payments, and the existence of one of the $500,000 loans. *Id*. at 35-42. These arguments have nothing to do with whether the amounts calculated by Landmark are accurate, the defense set forth in their petitions. Furthermore, despite Appellants' arguments to the contrary, the record shows that the first time Appellants raised these issues in writing was in their brief submitted to the trial court after argument. *See* Brief in Support of Motions to Strike And/Or Open Confessed Judgments, 11/13/2017.

Our review of the confessed judgments reveals that attached to each confessed judgment is a detailed accounting of month-by-month payments owed, as well as notice of the failure to pay real estate taxes. *See, e.g.,* Complaint in Confession of Judgment (2017 CV 2278), 4/11/2017, at Exhibit G. Thus, we agree with the trial court that Appellants' general assertions in their petitions combined with failing to take any discovery prior to the hearing, renders the issues they attempted to raise at the hearing waived. The rules are clear: "[a] party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P. 2959(c); *see Stahl Oil Co. v. Helsel*, 860 A.2d 508 (Pa. Super. 2004) (holding claims that were not raised in the

- 15 -

J-S60032-18
J-S60033-18
J-S60034-18
J-S60035-18
J-S60036-18
J-S60037-18
J-S60038-18
J-S60039-18
J-S60040-18

petition to open confessed judgment or answer thereto are waived, even if they are raised in a subsequent petition for rule to show cause).

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2018